UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MEDTEK DEVICES, INC.,

                Plaintiff,

v.

TACK SMART FILTER TECHNOLOGY, BV,

                Defendant.

**COMPLAINT**

Case No. _____

**JURY TRIAL DEMANDED**

---

Plaintiff Medtek Devices, Inc., for its complaint against defendant Tack Smart Filter

Technology, BV ("Tack Smart"), alleges as follows:

PARTIES

1.      This is a declaratory judgment action seeking a determination that Buffalo Filter

does not infringe any valid and enforceable claim of U.S. Patent RE39,361 ("the '361 patent"),

and that the '361 patent is invalid and unenforceable.  In addition, Buffalo Filter seeks damages

for Tack Smart's unfair competition and intentional tortious interference arising from Tack

Smart's contacts and communications with Buffalo Filter's customers, and a judgment enjoining

Tack Smart from any further unlawful activity.

2.      Medtek Devices, Inc. (referred to herein as "Buffalo Filter") is a New York

corporation with its principal place of business in Lancaster, New York, and does business under

the name Buffalo Filter.

3.      Upon information and belief, Defendant Tack Smart is a corporation organized

and existing under the laws of the Netherlands with a principal place of business at Winterkoning

5, 1722 CA Zuid-Scharwoude, The Netherlands.

4.      Upon information and belief, Tack Smart's sole business is the licensing and enforcement of a certain portfolio of related patents, including the '361 patent, that it acquired via assignment. A true and correct copy of the '361 patent is attached hereto as Exhibit A.

5.      Upon information and belief, Tack Smart has licensed certain rights in the '361 patent, including the right to enforce the '361 patent in certain circumstances, to at least ConMed Corporation, a New York corporation, and Millipore Corporation, a Massachusetts corporation.

6.      Upon information and belief, ConMed Corporation and Millipore Corporation are currently doing business in the State of New York and this District by offering to sell and selling various products through employees, account managers and other representatives within this District, as well as through interactive websites.

## JURISDICTION AND VENUE

7.      This is a declaratory judgment action for non-infringement and invalidity of a patent, brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and the Patent Act, 35 U.S.C. §§ 101 *et seq.*

8.      This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367(a), and §§ 2201(a) and 2202.

9.       In addition, Buffalo Filter seeks injunctive relief and damages for Tack Smart's unfair competition and tortious interference with contract and prospective business advantage under state law.  This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a) inasmuch as Buffalo Filter's state law claims form part of the same case or controversy and arise from a common nucleus of operative fact as Buffalo Filter's federal patent claims.

10.     Personal jurisdiction is proper in this District by virtue of Tack Smart's threats of infringement made by its President and its U.S. agent against Buffalo Filter in combination with other activities relating to the enforcement or defense of its patent rights, such as patent licenses with third parties that regularly conduct business in this District.  Upon information and belief, Tack Smart expected or should have reasonably expected its acts to have consequences in this District and Tack Smart derives substantial revenue from interstate or international commerce via its licensees.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

12.     There is an actual justiciable case or controversy between Buffalo Filter and Tack Smart in this district that arises under the patent laws, 35 U.S.C. §§ 101 *et seq.*, by virtue of Tack Smart's express and implied accusations that Buffalo Filter is infringing its U.S. patent rights.

<u>FACTS</u>

13.     Buffalo Filter is a Western New York company engaged in the business of surgical smoke evacuation equipment.

14.     Buffalo Filter in currently offering to sell and selling certain filters and smoke evacuation systems within this District, including the PlumeSafe® TURBO Auto-Sense ("PlumeSafe").

15.     More than six years ago, on or about August 23, 2006, Tack Smart notified Buffalo Filter by written correspondence that, in the opinion of Tack Smart, the PlumeSafe product fell within the scope of the claims of European Patent No. 0700313, Japanese Patent No. 521943 and U.S. Patent No. 5,674,381.

16.     More than six years ago, on or about October 16, 2006, Tack Smart, through its counsel, again notified Buffalo Filter by written correspondence that, in the opinion of Tack Smart, the PlumeSafe product infringed at least the '361 patent and Tack Smart's European patent.  At that time, Tack Smart also threatened to alert Buffalo Filter's customers to the alleged infringement.

17.     On May 29, 2007, in response to a letter from Buffalo Filter's counsel, Tack Smart's counsel stated: "I accept your explanation that the tag used by Buffalo Filter is a non-counting RFID tag, and therefore outside the scope of the '361 patent."

18.     In the same May 29, 2007 letter, Tack Smart's counsel stated that Tack Smart had not "independently analyze[d] Buffalo Filter's [PlumeSafe] product," further stating that Tack Smart might "revisit the issue of possible infringement of the '361 patent after we have an opportunity to analyze the product."

19.     Upon information and belief, prior to sending its August 23, 2006 and October 16, 2006 letters, Tack Smart had not analyzed the PlumeSafe product to determine whether it infringed the asserted patents.

20.     On February 25, 2008, Tack Smart, through its counsel, again notified Buffalo Filter by written correspondence that, in the opinion of Tack Smart, the PlumeSafe product infringed at least claims 13 and 16 of the '361 patent.

21.     Upon information and belief, prior to sending the February 25, 2008 letter, Tack Smart did not inspect or analyze the PlumeSafe product, but only looked at photographs of the product on Buffalo Filter's website.

22.     In the same February 28, 2008 letter, Tack Smart threatened to sue one or more of Buffalo Filter's distributors, apparently without inspecting the PlumeSafe product.

23.     Buffalo Filter denied Tack Smart's claim of infringement, and heard nothing further from Tack Smart for more than three years.

24.     On May 31, 2011, Tack Smart's Director of Intellectual Property and Legal Affairs sent Buffalo Filter another letter claiming infringement of the Tack Smart European and Japanese patents and stating that "we do not have sufficiently detailed information on the operation of Buffalo Filter's electronic filter label to develop a firm position as to whether or not any of the claims of [the '361 patent] are also infringed."

25.     At all relevant times, Buffalo Filter has denied infringement of the '361 patent, in both written and oral communications.

26.     On July 18, 2012, Tack Smart's counsel notified Buffalo Filter that it had recently had an electronics expert look at Buffalo Filter's accused device, and threatened a lawsuit if Buffalo Filter refused to license the '361 patent.

27.     Upon information and belief, Tack Smart sent letters to Buffalo Filter customers and others claiming infringement of the '361 patent, as well as the Tack Smart European and Japanese patents, without "sufficiently detailed information" to determine whether or not any of the claims of the '361 patent or Tack Smart's other patents were infringed.

## COUNT I

## <u>DECLARATORY JUDGMENT OF NON-INFRINGEMENT</u>

28.     Buffalo Filter realleges paragraphs 1 through 27 above.

29.     Tack Smart alleges that it is the owner of the '361 patent.

30.     Tack Smart has threatened to sue Buffalo Filter and Buffalo Filter's customers and distributors, and Buffalo Filter has a reasonable apprehension that it will face a patent infringement lawsuit if it continues to offer to sell and sell the accused PlumeSafe product.

31.     In light of Buffalo Filter's continuing sale of accused products and Tack Smart's express threats of suit, a real and substantial controversy exists between parties having adverse legal interests.

32.     Buffalo Filter has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any valid, enforceable claim of the '361 patent.

33.     Declaratory relief is both appropriate and necessary to establish that Buffalo Filter has not infringed any valid claims of the '361 patent, contributed to the infringement of, or actively induced others to infringe any valid claims of the '361 patent, either directly, indirectly, literally or under the doctrine of equivalents.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY

34.     Buffalo Filter realleges paragraphs 1 through 33 above.

35.     Upon information and belief, one or more claims of the '361 patent are invalid for failure to satisfy the requirements and/or conditions for patentability under one or more sections of Title 35 of the United States Code, including without limitation §§ 102, 103 and 112 and/or the recapture rule of 35 U.S.C. § 251.

36.     The claims of the '361 patent are invalid under §§ 102 and/or 103 because the claimed subject matter is anticipated by and/or obvious in view of one or more of at least the following prior art references, alone or in combination:

> (a)     US 3,794,168 - Filter with Condition Indicator
>
> (b)     US 4,772,386 - Filter with Liquid Meter
>
> (c)     US 4,885,081 - Drinking Water Delivery System with Purity Indicator

(d)    US 4,961,845 - Apparatus and Method for Filtering Particulate Matter from Dielectric Fluids

(e)    US 5,049,898 - Printhead Having Memory Element

(f)    US 5,142,128 - Oilfield Equipment Identification Apparatus

(g)    US 5,190,643 - Water Treatment Device Having Means to Count Times Used and Limit Usage

(h)    US 5,192,424 - Filter Identification Device

(i)    US 5,254,242 - Filtration Unit Having Means for Preventing Reuse of Filter

(j)    US 5,468,968 - Air Quality Monitoring System and Process

(k)    DE 3 126 850 - Membrane Filter Blank for Membrane Flat Filter Apparatuses

(l)    JP 3 144 396 - Filter Paper Holder

(m)    JP 4 284 807 - Air Cleaner

(n)    WO 90 14626 - Systems with Data-Token

(o)    WO 92 08677 - Water Filters

37.    Upon information and belief, the claims of the '361 patent are invalid under 35 U.S.C. § 112 because the '361 patent does not include a written description sufficient to demonstrate that the alleged inventor had possession of the claimed invention at the time he applied for the '361 patent, nor does the '361 patent enable one of ordinary skill in the art to practice the claimed invention.

38.    Upon information and belief, the claims of the '361 patent are invalid under the recapture rule of 35 U.S.C. § 251 because the reissue claims improperly recapture subject matter that was surrendered by claim amendment to obtain allowance of the original patent claims. In particular, the claims were amended during prosecution to require specific features, including but

not limited to an electronic label on a replaceable filter that is "adapted to count and store a number of actual operating hours of the replaceable filter."  Among other things, to the extent any claims of the '361 reissue patent do not require this specific limitation, such claims improperly recaptured surrendered subject matter and therefore are invalid under the recapture rule of 35 U.S.C. § 251.

39.     As a result of the acts described herein, there exists a real and substantial controversy between parties having adverse legal interests.

40.     Declaratory relief is both appropriate and necessary to establish that one or more claims of the '361 patent are invalid and thus cannot be asserted against Buffalo Filter.

## COUNT III

## DECLARATORY JUDGMENT OF UNENFORCEABILITY DUE TO LACHES, ESTOPPEL AND WAIVER

41.     Buffalo Filter realleges paragraphs 1 through 40 above.

42.     Tack Smart has been aware of Buffalo Filter's accused products for many years.

43.     Tack Smart has delayed in bringing a patent infringement lawsuit against Buffalo Filter, which delay is unreasonable and unexcused.

44.     Tack Smart's delay has caused at least one of economic and evidentiary prejudice to Buffalo Filter.

45.     Tack Smart is barred in whole or in part from enforcing the '361 patent, and otherwise barred from obtaining damages for any alleged infringement under the doctrines of laches, estoppel and/or waiver.

46.     As a result of the acts described herein, there exists a real and substantial controversy between parties having adverse legal interests.

47.     Declaratory relief is both appropriate and necessary to establish that the '361 patent is unenforceable against Buffalo Filter.

## COUNT IV

## UNFAIR COMPETEITION/PATENT MISUSE

48.     Buffalo Filter realleges paragraphs 1 through 47 above.

49.     Upon information and belief, Tack Smart's acts of charging infringement of one or more of the Tack Smart patents which, in fact, are not infringed, and without appropriate inspection and analysis of Buffalo Filter's accused product, constitute acts of common law unfair competition.

50.     Tack Smart's acts of unfair competition have caused and will continue to cause Buffalo Filter irreparable harm.  Buffalo Filter has no adequate remedy at law for such unfair competition.

51.     Buffalo Filter is entitled to an injunction enjoining and restraining Tack Smart from engaging in further unfair competition.

52.     Buffalo Filter is entitled to recover damages in an amount to be determined at trial.

## COUNT V

## TORTIOUS INTERFERENCE

53.     Buffalo Filter realleges paragraphs 1 through 52 above.

54.     Upon information and belief, among other things, Tack Smart sent communications to Buffalo Filter customers and others without undertaking an appropriate inspection and analysis of Buffalo Filter's accused product.

55.     Upon information and belief, Tack Smart knew that the third parties to which it directed its threats and communications were customers, distributors and/or prospective customers of Buffalo Filter.

56.     Upon information and belief, Tack Smart intentionally used dishonest, unfair, improper and wrongful means to interfere with Buffalo Filter's contracts, customers and/or prospective business relationships.

57.     Buffalo Filter is entitled to an injunction enjoining and restraining Tack Smart from engaging in further dishonest, unfair, improper and wrongful means.

58.     Buffalo Filter is entitled to recover damages in an amount to be determined at trial.

## JURY DEMAND

Buffalo Filter demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Buffalo Filter prays that the Court enter judgment in its favor and against Tack Smart and grant relief as follows:

(A)     that the Court enter judgment against Tack Smart and in favor of Buffalo Filter with respect to all relief requested in this complaint;

(B)     that the Court declare that Buffalo Filter and its customers, distributors, affiliates and all others in privity with Buffalo Filter have not infringed and do not infringe, either directly or indirectly, any claims of the '361 patent;

(C)     that the Court declare and order that the '361 patent is invalid and/or unenforceable;

(D)     that the Court enjoin Tack Smart, its assigns, licensees and all those in privity therewith from asserting or threatening to assert the '361 patent against Buffalo Filter or its customers, distributors, affiliates and all others in privity with Buffalo Filter;

(E)     that Buffalo Filter be awarded damages for Tack Smart's unfair competition and tortious interference with Buffalo Filter's contracts, customers and prospective business relationships;

(F)     that the Court find this case to be exceptional pursuant to 35 USC § 285, among other statutes, and award Buffalo Filter its costs, expenses and reasonable attorneys' fees in this action; and

(G)     that the Court grant such other and further relief as the Court deems appropriate.

Dated: February 18, 2013                    PHILLIPS LYTLE LLP

                                    By:     s/ Michael J. Berchou
                                            Michael J. Berchou
                                            Rowland Richards
                                            Taylan K. Sen
                                            3400 HSBC Center
                                            Buffalo, New York 14203
                                            (716) 847-8400
                                            Fax: (716) 852-6100
                                            mberchou@phillipslyte.com
                                            rrichards@phillipslytle.com
                                            tsen@phillipslytle.com

                                            Attorneys for Plaintiff

Doc # 01-2640696.1